**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

September 28, 2021

LETTER TO COUNSEL

    RE:   *Alia Salem Al-Sabah v. World Business Lenders, et al.*,
           Civil No. SAG-18-2958

Dear Counsel:

    This case was assigned to then-United States Magistrate Judge Deborah L. Boardman for discovery and related scheduling on December 22, 2020. ECF 106. Following her nomination by President Biden and her confirmation by the United States Senate, Judge Boardman took the oath of office as a United States District Judge on July 1, 2021. In fact, the docket in this case reflects that the case was transferred from Judge Boardman in her Magistrate Judge role to her District Judge role on that date. In the interest of efficient use of court resources, Judge Boardman continued to work on some of her assigned matters after her transition to her new role. On August 18, 2021, Judge Boardman issued an Order in the instant case, denying Defendant World Business Lenders, LLC's ("WBL's") Motion to Compel Discovery. ECF 125. WBL has now filed an objection to that ruling, ECF 126, seeking this Court's review pursuant to Federal Rule of Civil Procedure 72(a), which provides for a district judge's review of a nondispositive matter determined by a magistrate judge.

    Initially, although this case presents in a unique context, this Court does not believe it appropriate to review a decision rendered by another United States District Judge under Rule 72(a). While not typical in this Court for one District Judge to make a ruling in a case formally assigned to another judge, it does happen on occasion, such as when the presiding judge is unavailable. In those circumstances, there is no mechanism for appealing that decision to another United States District Judge.

    Even if the Rule 72(a) standard were applicable, however, this Court would not find Judge Boardman's order to be "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). Judge Boardman's order, while couched in the terms of relevance, expressly also incorporates the proportionality requirement:

> Significantly, "[w]hat is discoverable is limited by the requirement of '[p]roportionality[,] [which] requires courts to consider, among other things, whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *In re Verizon Wireless,* No. TDC-19-1744, 2019 WL 4415538, at *4 (D. Md. Sept. 16, 2019) (quoting *Va. Dep't of Corr. v. Jordan,* 921 F.3d 180. 188-89 (4th Cir. 2019). The Court also must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

*Al-Sabah v. World Business Lenders, et al.,*
Civil No. SAG-18-2958
September 28, 2021
Page 2

> information, the parties' resources, [and] the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(1).

ECF 125 at 2. Judge Boardman then described both the limited relevance of the requested materials, which relate to Plaintiff's income and the source of the funds transferred to Mr. Agbodjogbe, and the ample discovery that has already occurred (or had the opportunity to occur) regarding to those issues. ECG 125 at 3. This Court believes that the decision reached by Judge Boardman is both legally supported and well within the broad discretion afforded the district court to control the scope of discovery. Even applying the Rule 72(a) standards, then, this Court would decline to substitute other conclusions for those she reached.

For the reasons set forth above, WBL's Objection to Discovery Order, ECF 126, is DENIED. Despite the informal nature of this letter, it should be flagged as an Opinion and docketed as an Order.

                                           Sincerely yours,

                                           /s/

                                           Stephanie A. Gallagher
                                           United States District Judge