IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ALIA SALEM AL-SABAH, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No.: SAG-18-2958 |
| WORLD BUSINESS LENDERS, LLC | * | |
| Defendant. | * | |

* * * * * * * * * *

## MEMORANDUM OPINION

Plaintiff Alia Salem Al-Sabah ("Al-Sabah") brought this action against Defendant World Business Lenders, LLC ("WBL") alleging various claims related to WBL's lending activities with Jean Agbodjogbe ("Agbodjogbe"). *See* ECF 1. This matter is set to begin trial on Monday, October 23, 2023. Currently pending is WBL's first motion *in limine* to preclude Plaintiff from relying on any findings or testimony from the Agbodjogbe trial. ECF 179 at 9–15. This Court held a pretrial conference on September 29, 2023, during which it heard argument on this motion. For the reasons explained below, the Court grants in part and denies in part WBL's motion *in limine*.

I. **BACKGROUND**

This Court's memorandum opinion on WBL's motion for summary judgment, ECF 151, contains a comprehensive discussion of the factual background of this case. In summary, Al-Sabah transferred millions of dollars from 2014 to 2016 to Agbodjogbe or entities controlled by Agbodjogbe for purposes of renovating and purchasing various properties, including a condominium in New York City ("NY Condo"). *See* ECF 142-1 at 6–11. Eventually, Al-Sabah learned that Agbodjogbe made himself the sole owner of the properties she intended to invest in;

never completed the renovations in the properties; and purchased a property in Pikesville, Maryland with her money but without her knowledge. *See* ECF 142-1 at 11, 14.

WBL became involved beginning in October, 2015, when an independent loan broker told WBL that Agbodjogbe sought to borrow against various properties he owned. ECF 145-1. WBL engaged in underwriting efforts and eventually approved a $600,000 loan to an Agbodjogbe-controlled entity in May, 2016, secured by the NY Condo. ECF 145-28. In July, 2016, Agbodjogbe requested an additional $600,000 from WBL. ECF 145-43. WBL refinanced the loan on August 26, 2016, making the principal amount of the loan $1.2 million. ECF 145-35. It later approved another $360,000 loan to Agbodjogbe secured by his Pikesville residence. *See* ECF 139-27.

On March 17, 2017, Al-Sabah sued Agbodjogbe for fraud. Complaint, *Al-Sabah v. Agbodjogbe*, No. 17-cv-730-SAG (D. Md. Mar. 17, 2017). Following a nine-day trial (the "Agbodjogbe Trial"), a jury found that Agbodjogbe defrauded Al-Sabah by taking over $7 million from her under false pretenses and using the money to, *inter alia*, purchase real estate in his own name or in the name of entities he entirely owned. Verdict Form, *Al-Sabah v. Agbodjogbe*, No. 17-cv-730-SAG (D. Md. Feb. 3, 2020). On April 20, 2020, this Court entered a final judgment in favor of Al-Sabah in the amount of $7,895,277.50. Amended Order of Judgment, *Al-Sabah v. Agbodjogbe*, No. 17-cv-730-SAG (D. Md. Apr. 20, 2020).

In this present action, Al-Sabah now seeks to hold WBL liable for unjust enrichment and for aiding and abetting Agbodjogbe's fraud. Because a claim for aiding and abetting requires "a tortious act committed by a primary actor," *Lathan v. Sternberg*, No. 0988, 2015 WL 6125427, at *7 (Md. Ct. Spec. App. Sept. 30, 2015), a question remains about whether Al-Sabah can use the jury's findings of fraud, as well as any testimony from the Agbodjogbe Trial, against WBL in the upcoming trial.

**II.     LEGAL STANDARDS**

"A motion *in limine* is a request for guidance by the court regarding an evidentiary question." *Hunt Valley Baptist Church, Inc. v. Baltimore Cnty.*, Civ. No. ELH-17-804, 2018 WL 2717834, at *7 (D. Md. June 6, 2018) (quoting *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983)). Typically, pretrial motions *in limine* seek to exclude prejudicial evidence before it is offered at trial. *Changzhou Kaidi Elec. Co., Ltd. v. Okin Am., Inc.*, 102 F. Supp. 3d 740, 745 (D. Md. 2015) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). These motions help to streamline a case by allowing a court to avoid "lengthy argument at, or interruption of, the trial." *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987); *see also Changzhou Kaidi*, 102 F. Supp. 3d at 745 ("[Motions *in limine*] are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'" (quoting *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013))).  Motions *in limine* further promote judicial efficiency by preserving the issues raised for appeal and eliminating the need for parties to renew their objections at trial, "just so long as the movant has clearly identified the ruling sought and the trial court has ruled upon it." *United States v. Williams*, 81 F.3d 1321, 1325 (4th Cir. 1996); *see* FED. R. EVID. 103(a); *cf.* R. 103(a) advisory committee's note to 2000 amendment (acknowledging that Rule 103(a) "applies to all rulings on evidence . . . including so-called '*in limine*' rulings").

Generally, courts should grant a motion *in limine* "only when the evidence is clearly inadmissible on all potential grounds." *Dorman v. Anne Arundel Med. Ctr.*, Civ. No. MJG-15-1102, 2018 WL 2431859, at *1 (D. Md. May 30, 2018) (quoting *Emami v. Bolden*, 241 F. Supp. 3d 673, 681 (E.D. Va. 2017)). Ultimately, rulings on these motions fall within the trial court's "broad discretion." *Kauffman v. Park Place Hospitality Grp.*, 468 F. App'x 220, 222 (4th Cir.

3

2012) (per curiam); *see also United States v. Johnson*, 617 F.3d 286, 292 (4th Cir. 2010) (noting that evidentiary rulings fall within a trial court's discretion).

### III. DISCUSSION

WBL first seeks to preclude application of collateral estoppel on Al-Sabah's underlying fraud claim because WBL was not a party to the Agbodjogbe Trial and lacked a full or fair opportunity to litigate the issue. ECF 179 at 10–11. WBL also seeks to exclude testimony and evidence of the verdict from the Agbodjogbe Trial as inadmissible hearsay and irrelevant. *Id.* at 6–11. Al-Sabah opposes WBL's motion, contending that (1) the evidence and testimony are relevant and admissible; (2) WBL could have intervened in the Agbodjogbe Trial but declined; and (3) WBL took an unfair "wait and see" approach by staying this proceeding pending resolution of Al-Sabah's underlying fraud action against Agbodjogbe, ECF 48. *See* ECF 188 at 4–5.

#### A. Collateral Estoppel

"[C]ollateral estoppel forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom issue preclusion is asserted had a full and fair opportunity to litigate." *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004) (internal quotation marks and citations omitted); *see Sharma v. Howard Cty.*, Civ. No. 12-cv-2269-JKB, 2013 WL 530948, at *2 (D. Md. Feb. 12, 2013); *Garrity v. Md. State Bd. of Plumbing*, 135 A.3d 452, 459 (Md. 2016) (citations omitted). Generally, a plaintiff seeking to apply collateral estoppel offensively must do so against a defendant who was a party in the previous litigation. *See, e.g., Taylor v. Sturgell*, 553 U.S. 880, 884 (2008) ("It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment . . . in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.") (internal quotation marks and

citations omitted). "Under some circumstances, however, nonparties can be precluded from relitigating issues determined in a prior suit." *Va. Hosp. Ass'n v. Baliles*, 830 F.2d 1308, 1312 (4th Cir. 1987). These circumstances exist when a nonparty "had a direct financial or proprietary interest in the prior litigation" and "assumed control over the prior litigation." *Id*. In such situations, the nonparty has functionally had its day in court because it had an incentive to fully litigate the issues raised in the previous suit *and* the ability to ensure that the issues were fully litigated. *Id.*

The Court finds that WBL did not have a full and fair opportunity to litigate Al-Sabah's underlying fraud claim, because there is no evidence that WBL had a direct financial or proprietary interest or that it exercised sufficient control over the Agbodjogbe Trial. WBL lacked a direct interest in the Agbodjogbe Trial because it was not directly affected by the jury's findings of fraud and Agbodjogbe did not represent WBL's legal interests. *See Mellon Bank, N.A. v. Ternisky*, 999 F.2d 791, 796 n.7 (4th Cir. 1993). Having been sued by Al-Sabah for aiding and abetting, WBL "presumably wished to see" the jury find no underlying fraud, since the determination would foreclose Al-Sabah's claims in this case. But, as *Virginia Hospital Ass'n* made clear, this type of interest is not sufficient to apply collateral estoppel. 830 F.2d at 1313 ("[A] nonparty's 'academic interest in the determination of a question of law in a prior suit, or even a substantial interest in establishing favorable precedent under the doctrine of stare decisis' cannot preclude the nonparty from later relitigating issues determined in the prior suit.") (quoting 1B Moore's Federal Practice ¶ 0.411[6], at 446). Nor could WBL's interests have been "so identified with the interests of" Agbodjogbe that the Court can realistically conclude "that representation by [Agbodjogbe] [was] representation of [WBL]'s legal right." *Williams v. Romarm S.A.*, 116 F. Supp. 3d 631, 638 (D. Md. 2015) (quoting *Universal Furniture Int'l, Inc. v. Frankel*, 538 F. App'x 267, 270–71 (4th Cir. 2013)); *see Taylor*, 553 U.S. at 893–95 (discussing a narrow set of examples of when a nonparty

may be adequately represented by someone with the same legal interests such as in class actions and suits brought by trustees, guardians, and other fiduciaries). While it may true that Agbodjogbe had every incentive to demonstrate he did not defraud Al-Sabah, that does not mean that WBL had the same incentive or that Agbodjogbe represented WBL's legal interests.

WBL also lacked sufficient control over the Agbodjogbe Trial because it was not joined in that suit, did not intervene, and thus lacked "effective choice as to the legal theories and proofs to be advanced" in the prior suit and "control over the opportunity to obtain appellate review." *Va. Hosp. Ass'n*, 830 F.2d at 1313 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 39 cmt. c, at 384 (1982)). Al-Sabah contends that the Court should hold WBL to its failure to intervene, but the Supreme Court has made clear that preclusive effect should not be attributed to a nonparty's failure to intervene in a prior action. *See Martin v. Wilks*, 490 U.S. 755, 764–65 (1989); *see also Brown v. Mayor*, 892 A.2d 1173, 1182 (Ct. Spec. App. Md. 2006) (declining to apply collateral estoppel to dismissed parties when the parties "could have remained in the [prior] case to litigate the issue," because the parties were "not required to do so"). Al-Sabah also did not join WBL in her action against Agbodjogbe. In fact, she could not, because the Court's scheduling order in the Agbodjogbe matter set a deadline of July 28, 2017, for moving for joinder of additional parties, and Al-Sabah did not first learn about WBL's involvement in the fraud scheme until the discovery phase of that case, which lasted until mid-2018. *See* ECF 1 ¶ 5; Scheduling Order, Al-Sabah v. Agbodjogbe, No. 17-cv-730-SAG (D. Md. May 25, 2017); Order, Al-Sabah v. Agbodjogbe, No. 17-cv-730-SAG (D. Md. June 26, 2018); *see also Martin*, 490 U.S. at 765 ("Joinder as a party, rather than knowledge of a lawsuit and an opportunity to intervene, is the method by which potential parties are subjected to the jurisdiction of the court and bounded by a judgment or decree.").

Al-Sabah also argues that WBL's motion to stay these proceedings pending resolution of the Agbodjogbe Trial allowed WBL to take a "wait and see" approach on the underlying fraud claim, giving them an unfair second bite at the apple through this case. ECF 188 at 4. The Court is unaware of, and Al-Sabah has not cited any, precedent in this jurisdiction holding that a party's motion to stay one case equates to a full and fair opportunity to litigate a separate case. Moreover, WBL's "wait and see" approach in this unique situation is consistent with principles of judicial economy and fairness. For example, resolution of the Agbodjogbe Trial in Agbodjogbe's favor would have mooted this case and avoided potential inconsistent rulings had the two cases proceeded simultaneously. It is also fair for WBL to present its own evidence, witnesses, and defenses against Al-Sabah's current aiding-and-abetting claim when it was not joined in the first action. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 330 (1979) (explaining judicial concern with a *plaintiff* using offensive collateral estoppel after adopting a "wait and see" attitude in the hope that the first action by *another plaintiff* will result in a favorable judgment and noting that its use may be unfair to the *same defendant*). While the Court appreciates Al-Sabah's desire to avoid wasting judicial resources and time at this trial to litigate an issue she already proved in the Agbodjogbe Trial, WBL, an entirely separate defendant and one who could not be joined, is entitled to present its own defenses in this trial.

**B. Hearsay Issues with Prior Trial Testimony and Evidence of the Verdict from the Agbodjogbe Trial**

WBL also seeks to preclude Al-Sabah from introducing, arguing, or relying on the Agbodjogbe Trial verdict or any testimony from that trial. ECF 179 at 12–15. WBL argues that both are inadmissible hearsay.

At this juncture, the Court will only exclude evidence of the verdict as inadmissible hearsay. No hearsay exception applies, and admitting this evidence would usurp the function of

collateral estoppel. *See Nipper v. Snipes*, 7 F.3d 415, 418 (4th Cir. 1993) ("A practical reason for denying judgments [sic] evidentiary effect is the difficulty of weighing a judgment, considered as evidence, against whatever contrary evidence a party to the current suit might want to present.") (internal quotation marks and citation omitted). However, the Court will decline to categorically exclude trial testimony from the Agbodjogbe Trial, because any testimony sought to be used is better evaluated on its merits to determine if a hearsay exception applies.

## IV. CONCLUSION

For the reasons stated above, the Court grants in part WBL's first motion *in limine* as to collateral estoppel and to exclude evidence of the verdict at trial, and it denies in part WBL's motion as to all former trial testimony. A separate Order follows.


Dated: October 6, 2023                                      /s/
                                                      Stephanie A. Gallagher
                                                      United States District Judge